## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW MAROTTO, on behalf of himself, all others similarly situated, and the general public | : : : : | NO. 1:18-cv-03545-AKH |
| v. | : : | CLASS ACTION |
| KELLOGG COMPANY, et al. | : | Hon. Alvin K. Hellerstein |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## AND MEMORANDUM OF LAW

John K. Weston
*jweston@sackslaw.com*
SACKS WESTON DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 925-8200

Derek T. Smith (DS1747)
*dtslaws@msn.com*
Alexander G. Cabeceiras (AM1520)
DEREK SMITH LAW GROUP, PLLC
*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

***Counsel for Plaintiff
and the Proposed Class***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW MAROTTO, on behalf of himself, all others similarly situated, and the general public | : : : | NO. 1:18-cv-03545-AKH |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| KELLOGG COMPANY, et al. | : | Hon. Alvin K. Hellerstein |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

For the reasons set forth in the following memorandum of law, incorporated herein by reference, Plaintiff respectfully requests this Court to enter the following relief pursuant to FRCP 23:

1.     To certify a class action defined as:  All persons who purchased Pringles® Salt and Vinegar chips (hereafter "the Product") in the state of New York, for personal or household use, and not for resale, on or after April 1, 2012.  Excluded from the class are all persons who have already received full restitution of their purchase price for the Product.

2.     To appoint Plaintiff as the class representative, and the undersigned as class counsel.

3. To direct the parties to submit to the Court proposed forms and schedules for providing notice to the class.

4. To establish a schedule for notice, class discovery, future motions practice, and trial.

Respectfully submitted:

/s/ John K. Weston_____

John K. Weston
*jweston@sackslaw.com*
SACKS WESTON DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 925-8200

Derek T. Smith (DS1747)
*dtslaws@msn.com*
Alexander G. Cabeceiras (AM1520)
DEREK SMITH LAW GROUP, PLLC
*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

***Counsel for Plaintiff***
***and the Proposed Class***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MATTHEW MAROTTO, on behalf of himself,   :
  all others similarly situated,           :
  and the general public              :    NO. 1:18-cv-03545-AKH
                                    :
             v.                :    CLASS ACTION
                                      :
KELLOGG COMPANY, et al.         :

<br>

# MEMORANDUM OF LAW IN SUPPORT OF
# <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

# TABLE OF CONTENTS

I.     **BACKGROUND**     1

II.    **CLASS CERTIFICATION STANDARDS**     2

III.   **DISCUSSION**

    Numerosity – Rule 23(a)(1)

    Commonality – FRCP 23(a)(2)

    Typicality – FRCP 23(a)(3)

    Adequacy of Representation – FRCP 23(a)(4)

    Predominance and Superiority – FRCP 23(b)(3)

    Class Counsel – Rule 23(g)

IV.   **CONCLUSION**


Exhibit 1 – Defendants' Responses to Plaintiff's Interrogatories (pp. 1, 4-5)

Exhibit 2 – Plaintiff's Responses to Defendants' First Set of Interrogatories

Exhibit 3 – Declaration of John K. Weston

# TABLE OF AUTHORITIES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Assif v. Titleserv, Inc.*, 288 F.R.D. 18 (E.D. N.Y. 2012)

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52
  (2d Cir. 2000)

*Deflumer v. Overton*, 176 F.R.D. 55 (N.D. N.Y.1997)

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)

*Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D. N.Y. 2012)

*German v. Federal Home Loan Mortgage Corp.*, 885 F.Supp. 537
  (S.D. N.Y.1995)

*Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791 (10th Cir. 1970)

*Grant v. Sullivan*, 131 F.R.D. 436 (M.D. Pa.1990)

*Green v. Wolf Corporation*, 406 F.2d 291 (2d Cir. 1968),
  *cert. den.* 395 U.S. 977 (1969)

*In re: Alstom SA Sec. Litig.*, 253 F.R.D. 266 (S.D. N.Y. 2008)

*In re: Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285 (2d Cir. 1992)

*In re: Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29 (2d Cir. 2009)

*In re: Indus. Diamonds Antitrust Litig.*, 167 F.R.D. 374 (S.D. N.Y. 1996)

*In re: Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D. N.Y.1998)

*In re: Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124
  (2d Cir. 2001)

*LeGrand v. New York City Transit Auth.*, No. 95–CV–0333,
  1999 WL 342286 (E.D. N.Y. May 26, 1999)

*Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66
  (E.D. N.Y. 2000)

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)

*Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245 (S.D. N.Y. 2010)

*Shayne v. Madison Square Garden Corp*, 491 F.2d at 397 (2nd Cir. 1974)

*Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656 (2d Cir. 1978)

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D. N.Y. 1992)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

# I.  **BACKGROUND**

The Court's opinion of November 29, 2018[1] reviewed the complaint's allegations in detail; they will not be repeated here.  Broadly, this is an action brought by a New York consumer, on behalf of himself and all others who purchased Defendants' food product during the limitations period.  Defendants manufacture and sell Pringles® Salt and Vinegar" potato crisps (hereinafter referred to as the "Product").[2]  The front label of the Product depicts a chalkboard sign showing the words "Salt & Vinegar," a pile of salt, and two bottles, which impliedly contain vinegar.  An image of the chips lies below the sign, while salt is being sprinkled on and around the chips.  The image gives consumers the impression of freshly baked chips, with the salt flavoring coming from the sprinkled salt and the vinegar flavoring coming from the bottles.[3]  Consumers' expectations are bolstered by the fact that the Product's back label contains the words:  "NO ARTIFICIAL FLAVORS."[4]

---

[1] ECF 29.

[2] Complaint, ECF 1, paragraph 1.

[3] *Id.*

[4] *Id.,* at paragraph 3.

Plaintiff and all other similarly situated, who are reasonable consumers, reasonably assume that the product contains real salt and real vinegar – not artificial ingredients, and that the Product does not contain artificial flavors.[5]  In fact, Defendants do use artificial ingredients in their Product to produce the vinegar flavor, and thus mislead consumers into purchasing the Product in violation of New York's consumer protection laws.[6]

This action was commenced on April 20, 2018.  Defendants filed Rule 12 motions to transfer, stay or dismiss the case, which were generally denied by the Court's opinion of November 29, 2018.[7]  The Court entered a civil case management plan on February 14, 2019.  This motion is submitted pursuant to that plan.

## II.   CLASS CERTIFICATION STANDARDS

In evaluating a motion for class certification, the court accepts as true the substantive allegations in the complaint and does not conduct even a preliminary inquiry into the merits of the case.  *Shelter Realty Corp. v. Allied Maint. Corp*., 574

---

[5] *Id*., at paragraph 2.

[6] *Id*., at paragraphs 17-49.

[7] The November 29, 2018 order did grant Defendants' motion to dismiss the complaint's implied warranty claim and its request for injunctive relief.  In light of this ruling, the issue of injunctive relief is not pertinent to the instant class certification motion.

F.2d 656, 661 n. 15 (2d Cir. 1978).[8] *Accord*: *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action"); *In re: Indus. Diamonds Antitrust Litig.*, 167 F.R.D. 374, 378 (S.D. N.Y. 1996) ("In evaluating a motion for class certification, however, the court does not have the authority to conduct a preliminary inquiry into the merits of the case, and hence the substantive allegations contained in the complaint are accepted as true"). The Second Circuit has directed courts to adopt a liberal interpretation of Rule 23 in order to maximize the benefits to private parties; *In re: Alstom SA Sec. Litig.*, 253 F.R.D. 266, 274–75 (S.D. N.Y. 2008). Therefore courts should take a liberal rather than a restrictive approach in determining whether the plaintiff satisfies Rule 23's

---

[8] "As to appellants' argument that the trial court should not have decided the class motion on the basis of the complaint, we simply note that Judge Frankel was prohibited from conducting an inquiry into the merits by the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (*Eisen IV* ); that he did consider the criminal information and numerous affidavits and documents relating to the class issues; and that ***we have previously held that it is proper to accept the complaint allegations as true in a class certification motion***. See *Shayne v. Madison Square Garden Corp., supra*, 491 F.2d at 398; *Green v. Wolf Corporation*, 406 F.2d 291, 294 n.1 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969)."

Emphasis added.

requirements. *Assif v. Titleserv, Inc.*, 288 F.R.D. 18, 22 (E.D. N.Y. 2012), citing

*Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D. N.Y. 2012) and *Pecere v. Empire*

*Blue Cross and Blue Shield*, 194 F.R.D. 66, 69 (E.D. N.Y. 2000).


## III.   <u>DISCUSSION</u>

Because the Court dismissed Plaintiff's claim for injunctive relief, there is no

longer a question of certification under Rule 23(b)(2).  In this motion Plaintiff seeks

certification of a Rule 23(b)(3) class.  Consequently Plaintiff must show that Rule

23(a)'s four requirements, as well as Rule 23(b)(3)'s two additional requirements,

are met in this case.


### <u>Numerosity – Rule 23(a)(1)</u>

Rule 23(a) requires a finding that the numerosity makes joinder of all class

members "impracticable."  Impracticable does not mean impossible.  *Robidoux v.*

*Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  Courts do not require evidence of exact

class size or identity of class members to satisfy the numerosity requirement.  *Id*.

A court may certify a class even if it is composed of as few as 14 members.  *Id*.,

citing with approval *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D. Pa.1990).  A court

may make common sense assumptions to support a finding of numerosity.  *Pecere*

*v. Empire Blue Cross & Blue Shield*, *supra.*, at 194 F.R.D. 70, citing *LeGrand v.*

*New York City Transit Auth.*, No. 95–CV–0333, 1999 WL 342286, *3 (E.D. N.Y. May 26, 1999), *Deflumer v. Overton*, 176 F.R.D. 55, 58 (N.D. N.Y.1997) and *German v. Federal Home Loan Mortgage Corp.*, 885 F.Supp. 537, 552 (S.D. N.Y.1995).

Common sense tells us that Defendants, over the course of six years, have sold Pringles Salt & Vinegar crisps to more than fourteen people in the state of New York. Defendants have agreed that they will produce records reflecting New York sales of the Product during the class period.[9] Plaintiffs do not believe that Defendants will seriously contest numerosity.

## Commonality – FRCP 23(a)(2)

Class members' claims must depend upon a common contention which is capable of classwide resolution, a resolution which "is central to the validity of each one of the claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "What matters" is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* "For purposes of Rule 23(a)(2) "even a single common question will do." *Id.*, at 564 U.S. 359 (internal punctuation omitted).

---

[9] Defendants' response to Interrogatory 5, attached as Exhibit 1.

The class in the instant matter is composed of people who purchased the same product that was falsely labeled in the same way for all class members. Resolution of this common question will "drive the resolution of the litigation," as described in *Dukes*. Because the misrepresentations were made to all class members directly on the product packaging, common questions include whether Defendants' failure to disclose artificial flavoring ingredients was – and is - likely to deceive. Common questions also include whether the misrepresentations were material to individuals purchasing the Product. Rule 23's commonality element is easily satisfied.

**Typicality – FRCP 23(a)(3)**

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. Typicality does not require that the representative's claims be identical to those of the class members. *Trief v. Dun & Bradstreet Corp*., 144 F.R.D. 193, 200 (S.D. N.Y. 1992). Typicality is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. *In re: Drexel Burnham Lambert Grp*., *Inc*., 960 F.2d 285, 291 (2d Cir. 1992); *Shabazz v. Morgan Funding Corp*., 269 F.R.D. 245, 250 (S.D. N.Y. 2010); *In re: Sumitomo Copper Litig*., 182 F.R.D. 85, 94 (S.D. N.Y.1998).

The complaint alleges that Plaintiff and all class members were exposed to the same misleading claims and omissions, were influenced by those claims, and were injured in the same manner.[10]  Plaintiff's individual claims are therefore typical of class members' claims.

## Adequacy of Representation – FRCP 23(a)(4)

Rule 23 requires a finding that the plaintiff will adequately represent the class. The question is whether the plaintiff's interests are antagonistic to the interest of other members of the class.  *In re: Flag Telecom Holdings, Ltd. Sec. Litig*., 574 F.3d 29, 35 (2d Cir. 2009), citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp*., 222 F.3d 52, 60 (2d Cir. 2000).  The focus is on uncovering "conflicts of interest between named parties and the class they seek to represent."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  In order to defeat a motion for certification, the conflict "must be fundamental."  *In re: Flag Telecom Holdings, supra.*

---

[10] Complaint, ECF 1, at paragraph 81:

> Plaintiff's claims are typical of, and are not antagonistic to, the claims of other Class Members.  Plaintiff and Class Members all purchased the Product at retail locations, after being exposed to the false, misleading, and unlawful Product labeling at the point of purchase, were deceived by the false and deceptive labeling, and lost money as a result.

Plaintiff has demonstrated that he satisfies these criteria. Plaintiff has standing, no conflict of interest with other class members, is aware of his obligations as class representatives, and has prosecuted and will continue prosecuting the action vigorously on behalf of the class. See Exhibit 2 – Plaintiff's Answers to Interrogatories. Plaintiff does not possess any interests that conflict with those of the proposed Class because, like absent Class members, Plaintiff relied on Defendants' misleading advertisements in purchasing the Products, lost money because the Products are not as advertised, and is motivated to establish Defendants' liability and to attain remedies equally applicable to and beneficial for the Class. B.

## Predominance and Superiority – FRCP 23(b)(3)

In addition to the foregoing requirements, a plaintiff asserting a Rule 23(b)(3) class action must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In determining these two issues, courts consider – without limitation – four factors:

- the class members' interests in individually controlling the prosecution or defense of separate actions;

- the extent and nature of any litigation concerning the controversy already begun by or against class members;

- the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

- the likely difficulties in managing a class action.

The first three elements are readily answered: No reasonable class member is likely to bring a lawsuit to recover what he or she has spent on Pringles crisps. So far as the parties know, there is no pending litigation, similar to the instant action, which includes New York purchasers of those crisps. This is a classic class action, where individual claims are too small to warrant litigation, so that class treatment is the best, if not only, way for consumers to assert their claims.

Manageability, the fourth criterion, is no impediment to class treatment. While different consumers may have purchased the Product at different times and places and for different amounts, "[t]he fact that there may have to be individual examinations on the issue of damages has never been held to be a bar to class actions."[11] There are no impediments to manageability.

Consequently it is clear that common questions predominate over any potential individual issues of fact or law, and that, largely because of the cost of

---

[11] *In re: Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001), quoting *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791 (10th Cir. 1970).

separate litigation, class treatment is a superior means of litigating these claims. The requirements of Rule 23(b) have been met.

## Class Counsel – Rule 23(g)

When a court certifies a class, it also appoints class counsel. The selection of class counsel is made pursuant to Rule 23(g). In the present matter, the plaintiff has selected, and proposes, the undersigned as class counsel. Plaintiff submits that these lawyers qualify under the considerations set forth in Rule 23(g), which are:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources that counsel will commit to representing the class;

- any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Plaintiff incorporates by reference the description of counsel attached as Exhibit 3. Counsel obviously identified the claims asserted in this case. Counsel clearly is experienced at consumer class litigation, as well as other complex litigation, in this circuit and others. Counsel has no conflict of interest which might

interfere with counsel's representation of the class, and has committed to devoting the resources required to represent the class.

## IV.  **CONCLUSION**

The foregoing discussion demonstrates that Plaintiff has fulfilled the Rule 23(a) and (b)(3) requirements for class certification. Plaintiff respectfully requests this Court to certify the class and grant the other relief described in the motion for class certification.

Respectfully submitted:

/s/ John K. Weston

John K. Weston
jweston@sackslaw.com
SACKS WESTON DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 925-8200

Derek T. Smith (DS1747)
dtslaws@msn.com
Alexander G. Cabeceiras (AM1520)
DEREK SMITH LAW GROUP, PLLC
alexc@dereksmithlaw.com
1 Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

***Counsel for Plaintiff***
***and the Proposed Class***